UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEE BERRY,

        Petitioner,

v.                                                     Case No. 10-10026-BC
                                                     Honorable Judge Thomas L. Ludington

LLOYD RAPELJE,

        Respondent.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING
## HABEAS PETITION WITHOUT PREJUDICE

On December 19, 2009, Petitioner Lee Berry, a state inmate incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2254.[1] Because the habeas petition is not clear regarding whether Petitioner is challenging his federal conviction or state court conviction, the petition will be dismissed without prejudice to Petitioner's right to challenge his federal and state court proceedings.

I

Following a jury trial in the United States District Court for the Eastern District of Michigan Northern Division, Petitioner was convicted of three counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §841(a) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). *See United States v. Berry*, No. 05-CR-20048

---

[1]Petitioner's habeas petition was received by the Court on January 5, 2010. An incarcerated habeas petitioner's pleadings are deemed filed on the date the pleading is signed and dated, *Fugate v. Booker*, 321 F. Supp. 2d 857, 859 n.2 (E.D. Mich. 2004).

(Ludington, J.). On December 20, 2007, Petitioner was sentenced to concurrent terms of 30 years on each count. The sentence was to run consecutively to an existing Michigan Department of Corrections sentence.

Petitioner's state court conviction and sentence involved his plea of guilty in Bay County Circuit Court to delivery of less than 50 grams of cocaine in violation of Mich. Comp. Laws §333.7401(2)(A)(iv). *People v. Berry*, Case No: 99-001541-FH-WC (Caprathe, J). On December 5, 2005, Petitioner was sentenced to seven-and-one-half to twenty years imprisonment.

Petitioner filed an appeal, and the Michigan Court of Appeals affirmed his convictions. *People v. Berry*, No: 270093 (Mich. Ct. App. July 10, 2006). The Michigan Supreme Court denied his application for leave to appeal. *People v. Berry*, 724 N.W.2d 466 (Mich. 2006) (table).

Petitioner then filed a motion for relief from judgment which was denied on August 26, 2008. He filed a claim of appeal with the Michigan Court of Appeals, which was dismissed because an order denying a motion for relief from judgment cannot be appealed by right. *People v. Berry*, No: 287972 (Mich. Ct. App. Nov. 18, 2008). Petitioner filed a motion for reconsideration with the appellate court, which was denied on January 23, 2009. Petitioner then filed an application for leave to appeal from the trial court's denial of his motion for relief from judgment with the Michigan Court of Appeals. The application was denied on June 23, 2009. Petitioner appealed the decision to the Michigan Supreme Court and relief was likewise denied. *People v. Berry*, 766 N.W.2d 834 (Mich. 2009) (table). Petitioner filed a motion for reconsideration of the decision with the Michigan Supreme Court and relief was again denied. *People v. Berry*, 771 N.W.2d 777 (Mich. 2009) (table).

Currently before the Court is a petition for a writ of habeas corpus, advancing a mixture of claims related to both his state and federal court convictions.

II

A district court promptly examines a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254. If a petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under §2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. After undertaking a Rule 4 review of the petition, the Court concludes that the petition is not properly filed under § 2254 and will dismiss the petition without prejudice.

A

Petitioner is currently incarcerated pursuant to a state court conviction, but challenges a federal conviction for which he will serve a term of 30 years upon his release from state court custody. He has filed the petition pursuant to 28 U.S.C. § 2254. Section 2254 is the proper means to challenge the fact or duration of custody pursuant to a state court judgment or conviction. Claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentences are properly filed under 28 U.S.C. § 2255. *Charles v. Chandler*, 180 F.3d 755, 756-57 (6th Cir. 1999). However, a Court is not permitted to characterize a pleading as a motion under § 2255, without first notifying the litigant that it intends to recharacterize the pleading, warning the litigant that any subsequent § 2255 motion would be subject to the restrictions on second or successive motions, and providing the litigant the opportunity to withdraw the motion." *Castro v. United States*, 540 U.S. 375, 383 (2003).

In this case, rather than notifying Petitioner that his pleading may be considered as a motion under § 2255, the more prudent course of action is to dismiss the petition without prejudice. Petitioner's existing petition identifies both his federal court and state court convictions as being under attack. A petitioner may challenge convictions rendered in two different courts only by filing two separate petitions. *See* Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court"); Rule 2(d), Rules Governing Section 2255 Proceedings ("A moving party who seeks relief from more than one judgment must file a separate motion covering each judgment.").

Given the confusion in the petition as to whether Petitioner wishes to challenge his federal court proceedings or his state court conviction, the Court will dismiss the petition without prejudice to Petitioner's right to challenge his federal and/or state court proceedings in the appropriate, separate petition and/or motion.

B

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In

this case, reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, a certificate of appealability will be denied.

III

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

                                                   s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

Dated: May 25, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 25, 2010.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS