UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEE BERRY,

    Petitioner,                               Civil No. 10-10026-BC
                                                  Honorable Thomas L. Ludington

LLOYD RAPELJE,

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, MOTION FOR IMMEDIATE CONSIDERATION, AND MOTION FOR BAIL BOND**

On January 5, 2010. Petitioner Lee Berry, presently confined at a Michigan Correctional Facility, filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 25, 2010, the Court summarily dismissed the petition without prejudice because the petition appeared to improperly challenge both petitioner's federal convictions for possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and his Michigan conviction for delivery of less than 50 grams of cocaine in violation of Mich. Comp. Laws § 333.7401(2)(A)(iv). Presently before the Court are three motions filed by the petitioner: (1) Motion to Vacate and Set-Aside Invalid Sentence Enhancement of Armed Career Criminal Act of 1984; (2) Emergency Motion for Immediate Consideration of Bail Bond Order Pending Review of Writ of Habeas Corpus Petitioner for Lack of Jurisdiction Filed on July 21, 2010, and (3) Motion for Bail Bond Order Pending Review of Writ of Habeas Corpus Petition for Lack of Jurisdiction Filed July 21, 2010. For the reasons stated below, the motions will be denied.

The petition for writ of habeas corpus was summarily dismissed without prejudice because it appeared to raise claims with respect to both Petitioner's federal and state convictions. The Court informed Petitioner "[g]iven the confusion in the petition as to whether Petitioner wishes to challenge his federal court proceedings or his state court conviction, the Court will dismiss the petition without prejudice to Petitioner's right to challenge his federal and/or state court proceedings in the appropriate, separate petition and/or motion." Thereafter, on June 30, 2010, Petitioner filed a motion to vacate sentence under 28 U.S.C.§ 2255 with respect to his federal conviction. And on August 31, 2010, he filed a petition for writ of habeas corpus under § 2254 with respect to his state conviction. *Berry v. Rapelje*, Civil No. 2:10-cv-13469. Both matters are pending.

Petitioner seems to rely on Federal Rule of Civil Procedure 60(b) as providing the procedural vehicle for raising the arguments contained in his present motions. But a Rule 60(b) motion does not serve as a substitute for an appeal or allow for a second review of the merits of the district court's decision dismissing a habeas petition. *Rodger v. White*, 1993 U.S. App. LEXIS 15347, *3 (6th Cir. June 15, 1993) (*citing Browder v. Director, Dep't of Corrs.*, 434 U.S. 257, 263 (1978); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F. 2d 291, 294 (6th Cir. 1989)). Rather, Rule 60(b) is properly invoked in habeas cases "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." *Cornell v. Nix*, 119 F. 3d 1329, 1332 (8th Cir. 1997). Petitioner has not met this standard because whatever arguments he is asserting in his motions, he either raised them or could have raised them in the other two actions challenging his state and federal convictions that are currently pending.

Accordingly, **IT IS ORDERED** that Petitioner's Motion to Vacate [Dkt. # 16], Motion for Immediate Consideration [Dkt. # 17], and Motion for Bail Bond [Dkt. # 18], are **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 14, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 14, 2011.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---